881 F.2d 1077
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank REAMS, Plaintiff-Appellant
v
Lou DRAPER, Fire Marshall of Michigan State Police, Gary
Shepley, Detective of Michigan State Police and Roger Beach,
Commander of Michigan State Police Post at Tawas, Michigan,
and the Michigan State Police Department, Defendants-Appellees.
 No. 87-2003.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1989.
 
 Before KENNEDY, NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff appeals from the district court's dismissal of this suit for false arrest and malicious prosecution filed under to 42 U.S.C. Secs. 1983, 1985 and 1986 (1982). For the reasons which follow, we affirm the district court's judgment.
 
 
 2
 * In January 1983, the Whispering Pines Bar ("Bar"), which was located in Iosco County, Michigan, burned to the ground. At the time of the fire, plaintiff-appellant Frank Reams ("Reams") was purchasing the Bar on a "land contract" from Mary Tepass ("Tepass"). A land contract is an installment contract for the purchase and sale of land whereby the purchaser receives the deed from the owner upon payment of the final installment. Black's Law Dictionary 790 (5th ed. 1979). Thus, although Reams was in possession of the Bar when the fire occurred in January 1983, legal title to the property remained in Tepass.
 
 
 3
 The investigation of the fire was conducted by defendants-appellees Lou Draper ("Draper") and Gary Shepley ("Shepley"), both Detective Sergeants with the Michigan State Police Department ("MSPD"). In the initial stages of their investigation, Draper and Shepley concluded that the fire was the result of arson. Subsequently, the detectives interviewed a number of persons who allegedly heard Reams threaten to burn the Bar down, rather than allow Tepass to repossess it through foreclosure proceedings that she had initiated in December 1982. Draper and Shepley turned the results of their investigation over to the Iosco County Prosecutor. The County Prosecutor authorized an arrest warrant against Reams on July 9, 1989, and a state court magistrate issued the warrant on the same day. Thereafter, a preliminary examination was held to determine whether the case against Reams should be "bound over" for trial to the Michigan Circuit Court. At the conclusion of the hearing, the examining magistrate found probable cause to believe that Reams had committed arson. A trial was held in June 1985 and Reams ultimately was acquitted of the charges against him.
 
 
 4
 On June 6, 1986, Reams filed the instant lawsuit in federal district court against Draper, Shepley, the MSPD, and Roger Beach, Commander of the Michigan State Police Post at Tawas, Michigan. In his complaint, Reams asserted causes of action under 42 U.S.C. Secs. 1983, 1985 and 1986, arising out of alleged violations of the fourth, eighth, ninth and fourteenth amendments to the United States Constitution. Reams specifically alleged that prior to the time he was arrested, Draper and Shepley had obtained information indicating that approximately two hours before the fire started, Reams was some 200 miles away from the Bar. In addition, Reams alleged that Draper and Shepley tried to coerce two individuals to testify that he paid them to burn the Bar. Reams stated in his complaint that he was "falsely arrested, falsely imprisoned and maliciously prosecuted without probable cause or exigent circumstances." J.App. at 7. He further alleged that Draper and Shepley "acted separately and in concert, in an unlawful, malicious and willful manner without valid reason, but under color of law, and that such acts had the natural consequence of depriving [him] of his rights, privileges and/or immunities secured by the Constitution of the United States...." Id. Finally, Reams asserted state law claims for false arrest and imprisonment, negligence, and malicious prosecution.
 
 
 5
 On June 5, 1987, the defendants filed a motion to dismiss under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Defendants argued, inter alia, that the eleventh amendment to the United States Constitution barred suit against the MSPD; that the MSPD was not a "person" within the meaning of section 1983; that Reams failed to state a conspiracy claim against any of the defendants under sections 1985 and 1986; that the claims against Draper and Shepley were barred by the doctrine of qualified immunity; and that the complaint failed to state a claim under the eighth amendment. Defendants also urged the court to dismiss the pendent state law claims on various grounds. On September 14, 1987, United States District Judge Anna Diggs Taylor held a hearing on defendants' motion. After considering the arguments of counsel, Judge Taylor rendered the following oral ruling in defendants' favor:
 
 
 6
 The Court must first dismiss the claim against the Michigan Department of State police under 1983 because the Department of State Police is not a person within the meaning of that statute, or within any of the federal statutes under which the complaint states itself.
 
 
 7
 Plaintiff's complaint also fails to state a claim for relief under 42 USC [Sec.] 1985 against anyone. The plaintiff's complaint alleges a conspiracy to violate the constitutional rights of the plaintiff. It is devoid of factual allegations establishing conspiracy, and it fails to allege a class-based conspiracy which is a necessary prerequisite to sustaining liability under 1985.
 
 
 8
 Under Wilson versus Beebe, [770 F.2d 578 (6th Cir.1985) (en banc) ] the claims made under [42 U.S.C. Sec.] 1983 will not stand in this case. They are claims for the defendants' alleged malicious prosecution and false imprisonment, essentially, of the plaintiff. State law provides ample redress for all of the wrongs stated by the plaintiff in his complaint, and they do not rise to the level of a constitutional deprivation, inasmuch as state law provides ample redress to a victim of these wrongs, assuming that they did in fact occur.
 
 
 9
 So the federal counts must be dismissed from plaintiff's complaint against all of the parties.
 
 
 10
 Having no pendent jurisdiction, therefore, on the state counts, the Court will dismiss those without prejudice and the plaintiff is free to bring those in state court.
 
 
 11
 J.App. at 102-03. An order dismissing the action was filed on September 17, 1987. This timely appeal followed.
 
 II.
 
 12
 Although this case appears to have been dismissed pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, the district court held a full-blown hearing on defendants' motion and considered various matters outside of the complaint in deciding this case. See J.App. at 80-150. Since matters outside of the complaint were "presented to and not excluded by the court," defendants' motion should have been "treated as one for summary judgment and disposed of as provided in Rule 56...." Fed.R.Civ.P. 12(b). Moreover, since the parties were given ample opportunity to present to the court all of the materials allowed by Rule 56, we will treat the order of dismissal as a grant of summary judgment in defendants' favor. See Downing v. Kunzig, 454 F.2d 1230, 1231 n. 2 (6th Cir.1972).
 
 
 13
 Having reviewed the record as presented to us by the parties, we conclude that the district court properly dismissed the federal claims in this case. Reams asserts that because he was away from the Bar when the fire started, defendants should not have initiated the arson charges against him. Under Michigan law, however, one may be convicted of arson when he aids, counsels, induces, persuades or procures another to do any act which results in the starting of a fire. See M.C.L.A. Sec. 750.71 et seq. (West 1983). Since a defendant's physical presence at the fire scene is not required to support his conviction for arson under Michigan law, Reams's assertions in this regard must fail. Reams also contends that Draper and Shepley tried to coerce two individuals to testify that he paid them to burn the Bar, and that defendants conspired with Tepass to deprive him of certain fire insurance benefits by charging him with burning the Bar. However, the record contains no probative evidence showing that Draper and Shepley attempted to coerce witnesses to testify against Reams. Moreover, the record is devoid of any factual support for Reams's conspiracy claim. Given these facts, we hold that Reams has not carried his burden of production under Fed.R.Civ.P. 56(c) with respect to any of his federal claims in this case. Accordingly, we AFFIRM the district court's judgment.